# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTCO HOLDINGS, INC., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11299 (JKS)<br>(Jointly Administered) |
| RONALD J. FRIEDMAN ESQ., as trustee for the SportCo Creditors' Liquidation Trust,<br><br>    Plaintiff,<br><br>v.<br><br>2ND AMENDMENT 1791 d/b/a 1791 GUNLEATHER,<br><br>    Defendant. | Adversary No. 21-_____ |

## **COMPLAINT**

Ronald J. Friedman, Esq., (the "Trustee"), as trustee for the SportCo Creditors' Liquidation Trust (the "Liquidation Trust"), by his attorneys, Morris James LLP and SilvermanAcampora LLP, brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to avoid and recover transfers pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and alleges as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Bonitz Brothers, Inc. (4441); Ellett Brothers, LLC (7069); Evans Sports, Inc. (2654); Jerry's Sports, Inc. (4289); Outdoor Sports Headquarters, Inc. (4548); Quality Boxes, Inc. (0287); Simmons Guns Specialties, Inc. (4364); SportCo Holdings, Inc. (0355), and United Sporting Companies, Inc. (5758). The location of the Debtors' corporate headquarters and the service address for all Debtors is 267 Columbia Ave., Chapin, SC 29036.

## Nature of Adversary Proceeding

1. This adversary proceeding is brought to avoid the pre-petition transfers of property to or for the benefit of Defendant made by or for the benefit of the Debtors, and to recover all sums paid to or for the benefit of Defendant under 11 U.S.C. §§541, 542, 547, and 550.

## Jurisdiction and Venue

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 1334.

3. Venue of this case and this adversary proceeding is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. This adversary proceeding is a core proceeding as defined in 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

5. The statutory predicates for the relief sought herein are 11 U.S.C. §§105(A), 541, 542, 547, and 550.

## The Parties

6. Plaintiff Ronald Friedman, a citizen of New York, is the Trustee for the Liquidation Trust. The Liquidation Trust was formed pursuant to the Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation (the "Plan of Liquidation") filed in the Delaware Bankruptcy Cases (as defined below). Pursuant to Section VIII(D) of the Plan of Liquidation, the Debtors transferred certain causes of action, including those asserted herein, to the Liquidation Trust.

7. Upon information and belief, and at all relevant times mentioned herein, Defendant was and is a company with its headquarters located at 1835 NW 21st Terrace, Miami, Florida 33142.

2724137v1
12925591/1

**Facts**

8. On June 10, 2019, (the "Filing Date") SportCo Holdings, Inc., and its subsidiaries (collectively, the "Debtors"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

9. Thereafter, by order dated November 21, 2019, Ronald J. Friedman, Esq., was appointed Trustee of the SportCo Creditors' Liquidation Trust.

10. Upon information and belief, the Debtors made the following transfers of their interest in property (the "Transfers") to or for the benefit of Defendant:

| Date of Payment: | Amount: |
|---|---|
| 03/20/2019 | $6,292.52 |
| 04/12/2019 | $16,568.46 |
| 04/24/2019 | $18,591.92 |
| **TOTAL** | **$41,452.90** |

11. After performing a due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfers, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking in account Defendant's alleged affirmative defenses.

12. The sum of the Transfers is an amount to be determined at trial, but in no event less than $41,452.90.

---

[2] *See In re SportCo Holdings, Inc., et al.*, Case No. 19-11299 (LSS) (the "Delaware Bankruptcy Cases"). The other Debtors in the Delaware Bankruptcy Cases are: Ellett Brothers, LLC United Sporting Company, Inc. Bonitz Brothers, Inc.; Ellett Brothers, LLC; Evans Sports, Inc.; Jerry's Sports, Inc.; Outdoor Sports Headquarters, Inc.; Quality Boxes, Inc.; Simmons Guns Specialties, Inc.; SportCo Holdings, Inc.; and United Sporting Companies, Inc.

2724137v1
12925591/1

**First Claim for Relief**
**(Turnover of Property – 11 U.S.C. § 542)**

13. The Trustee repeats and re-alleges each of the allegations set forth above and below as if fully set forth herein.

14. The Transfer is property of the estate and the Trustee has acquired an interest in the Transfer pursuant to Bankruptcy Code §541.

15. By reason of the foregoing, the Trustee is entitled to a turnover from Defendant in an amount to be determined at trial but in no event less than $41,452.90, plus any and all accrued interest thereon, and a full and complete account of the Transfer pursuant to Bankruptcy Code §542.

**Second Claim for Relief**
**(Avoidance of Preference Period Transfers & Recovery of Avoided Transfers – 11 U.S.C. §§ 547(b), 550)**

16. The Trustee repeats and re-alleges each of the allegations set forth above and below as if fully set forth herein.

17. Upon information and belief, within ninety (90) days of the Filing Date, a transfer of the Debtors' property was made to Defendant in an amount to be determined at trial, but in no event less than $41,452.90 to or for the benefit of Defendant.

18. The Transfer constituted a transfer of an interest of the Debtors' property.

19. Upon information and belief, the Transfer was made to, or for the benefit of Defendant.

20. The Transfer was made to Defendant while the Debtors were insolvent; or rendered the Debtors insolvent as a result of the Transfer.

21. Upon information and belief, the Transfer was made for, or on account of, an antecedent debt owed by the Debtors to Defendant prior to the date on which the Transfer was made.

22. The Transfer enabled Defendant to receive more than it would have received (i) in the Debtors' chapter 11 case; (ii) if the Transfer had not been made; and (iii) if Defendant had not received payment of such debt to the extend provided by the Bankruptcy Code.

23. The Transfer constitutes an avoidable transfer pursuant to §§547(b) and 550(a) of the Bankruptcy Code. By reason of the foregoing, the Trustee requests the entry of judgment (i) avoiding the Transfer, and (ii) in an amount to be determined at trial, but in no event less than $41,452.90 from Defendant, plus any and all accrued interest thereon.

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

(a) on the Trustee's First Claim for Relief against Defendant, an order that the Transfer is property of the Debtors' bankruptcy estate under Bankruptcy Code §541 and the Trustee is entitled to a turnover of the Transfer pursuant to Bankruptcy Code §542;

(b) on the Trustee's Second Claim for Relief against Defendant, an order setting aside the Transfer and directing the Defendant to immediately turnover to the estate an amount to be determined at trial, but in no event less than $41,452.90 pursuant to Bankruptcy Code §§547(b) and 550(a), plus any and all accrued interest thereon;

(c) for such other and further relief as the Court deems just and proper.

*[Signature Page to Follow]*

Dated:  June 8, 2021

MORRIS JAMES LLP

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Sarah M. Ennis (DE Bar No. 5745)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com
E-mail: sennis@morrisjames.com

and

SILVERMANACAMPORA LLP
Anthony C. Acampora (admitted pro hac vice)
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
Telephone: (516) 479-6300
Facsimile: (516) 479-6301
E-mail: aacampora@silvermanacampora.com

*Counsel to the SportCo Creditors' Liquidation Trustee*